[Crim. No. 1568. Second Appellate District, Division One.—December 21, 1927.]

THE PEOPLE, Respondent, v. ALBERT PULK, Appellant.

George E. Stoddard for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant, by an information in two counts, was charged with the crime of rape of a twelve year old girl. The counts are alike, except that the dates are different. When the case was called for trial the defendant, who was then represented by counsel, pleaded guilty on the first count and the second count was ordered off the calendar. He made an application for probation. While that application was under consideration the defendant gave notice of motion that he be permitted to withdraw the plea of guilty for the purpose of entering another and different plea. The notice did not state upon what ground the motion would be made, and was not supported by any affidavits. However, the court received oral testimony of several witnesses, and from a reading of that testimony it appears that the principal reason relied upon by defendant's counsel in claiming that this motion should be granted was that at the time of entering the defendant's plea of guilty he did not understand that he was pleading guilty to the crime of rape, but thought that he was pleading guilty to the lesser offense of contributing to the delinquency of a minor. The sole ground of appeal now presented is that the denial of defendant's motion was an abuse of discretion.

At the hearing on said motion the defendant was not sworn as a witness but was permitted to state to the court that at the time when his plea was entered he understood that he was pleading guilty "to contributing." He said that he had heard that offense of contributing to delinquency spoken of several times. But on closer examination defend-

ant admitted that he had not heard it "in these proceedings." Mr. Bush, who had been the defendant's attorney when the plea was entered, stated to the court on the hearing of said motion in substance that at the time the plea was entered he made it clear to the defendant that it would be advisable for him to enter a plea of guilty to one count of rape, and that the district attorney would allow the other count to go off the calendar. If we disregard these unsworn statements of the defendant and of his former counsel there remains the fact that in his application for probation the defendant stated that he had pleaded guilty to the crime of rape. As against the defendant's statement that he signed that application in blank and had not known how it was filled out there is the direct testimony of Miss Scott, secretary of defendant's counsel at that time, that she obtained from the defendant the data for filling out said application, and after filling it out she took it back to the defendant and he signed it. There is some evidence tending to prove that on the day in question Miss Scott was given only one pass at the jail to see the defendant, and that it is the custom to have a separate pass for each visit. But this, at most, creates only a conflict in the evidence. We think the court was fully justified in its conclusion that the defendant, at the time when he pleaded guilty, clearly understood the nature and effect of his plea, and that he was not misled or caused to act under any misapprehension concerning his situation as the result of such plea.

The judgment is affirmed.

Houser, J., and York, J., concurred.